Jeffrey A. Kobulnick, State Bar No. 228299
E-Mail: jkobulnick@lewitthackman.com
Heidy A. Nurinda, State Bar No. 333188
E-Mail: hnurinda@lewitthackman.com
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone: (818) 990-2120
Facsimile: (818) 981-4764

Attorneys for Plaintiff,
QG A4L, INC. D.B.A. APPLIANCES 4 LESS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QG A4L, INC. D.B.A. APPLIANCES 4 LESS, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIANCES 4 LESS, LLC, a Florida limited liability company and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a);**<br><br>**(3) VIOLATION OF THE FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d); and**<br><br>**(4) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff QG A4L D.B.A. APPLIANCES 4 LESS, a Nevada corporation ("Plaintiff"), by and through this complaint against Defendant APPLIANCES 4 LESS, LLC, a Florida limited liability company, ("Defendant") and DOES 1 through 10, inclusive, alleges to the Court as follows:

- 1 -

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

## **INTRODUCTION**

1.　Plaintiff is the owner of the APPLIANCES 4 LESS trademark, which it has used in connection with its retail store services for discounted home appliances since at least 2018. Plaintiff, through its over 150 authorized dealers, sells home appliances nationwide under the APPLIANCES 4 LESS brand. Plaintiff owns the following federal trademark registrations with the U.S. Patent and Trademark Office ("USPTO") for its APPLIANCES 4 LESS mark in International Class 35, both in standard characters (protecting the mark in all forms) and in stylized forms, for the services shown below:

| **Mark** | **Registration No.** | **Registered Services** |
| --- | --- | --- |
| APPLIANCES 4 LESS | 7,840,076 | Discount stores in the field of home appliances; Online retail department store services featuring in-store order pickup; Retail general store services; Retail discount store services in the field of home appliances |
| APPLIANCES 4 LESS | 7,839,718 | Online retail home appliances store services featuring in-store order pickup; Retail general store services |
| APPLIANCES 4 LESS | 7,839,727 | Online retail home appliances store services featuring in-store order pickup; Retail general store services; Retail discount store services in the field of home appliances |

2.　Plaintiff has marketed and provided retail services for home appliances under the APPLIANCES 4 LESS mark since at least 2018, and in the above stylized forms since at least January 2022, and has invested substantial time and resources in developing the mark and goodwill associated therewith, including as shown through its website accessible at https://a4l.com/. As a result, Plaintiff's mark has come to be recognized by consumers as identifying Plaintiff and its services.

3. Defendants are improperly seeking to benefit from Plaintiff's APPLIANCES 4 LESS mark by using a confusingly similar APPLIANCES 4 LESS mark as the name of their own home appliance retail store service business, as shown through Defendants' website at https://www.appliances4lesspro.com/. Defendants seek to trade off the positive goodwill that Plaintiff's APPLIANCES 4 LESS mark enjoys among consumers, such that consumers have been and are likely to continue to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendants' services.

4. Defendants have also registered and are using the APPLIANCES4LESSPRO.COM domain name, which includes and is confusingly similar with Plaintiff's APPLIANCES 4 LESS mark, in bad faith in violation of the Anticybersquatting Consumer Protection Act.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

6. Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California. By way of example only, Defendants regularly advertise their business and services online through their commercial website, accessible and directed to consumers throughout the United States, including in California and this judicial district.

7. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

8. Upon information and belief, venue is also proper in this District

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

- 3 -

pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendants are business entities subject to this Court's personal jurisdiction.

## THE PARTIES

9.    Plaintiff QG A4L, INC., d/b/a Appliances 4 Less is a Nevada corporation, having its principal place of business at 18714 S Gridley Rd. Cerritos, California 90703.

10.    Upon information and belief, Defendant APPLIANCES 4 LESS, LLC, is a Florida limited liability company, having its principal place of business at 607 N. U.S. Highway 41, Ruskin, Florida 33570.

11.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

12.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest.  Specifically, each of the Defendants is the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that an adherence to the fiction of the separate existence of each of them would, under the particular circumstances, sanction a fraud or promote injustice.

## GENERAL ALLEGATIONS

13.    Plaintiff is the owner of all rights in and to the APPLIANCES 4 LESS mark for use with home appliance retail store services, including federal trademark registrations with the USPTO.  Plaintiff owns Registration Numbers 7,839,718,

7,839,727, and 7,840,076 for its APPLIANCES 4 LESS mark in standard characters and stylized forms as shown in paragraph 1 above.

14.  Plaintiff's federal trademark registrations are valid and subsisting, and are evidence that Plaintiff owns the exclusive right to the APPLIANCES 4 LESS mark for use related to home appliance retail store services.

15.  Plaintiff has expended substantial time and resources in developing its APPLIANCES 4 LESS brand, including the goodwill associated therewith. As a result, consumers have come to recognize Plaintiff's APPLIANCES 4 LESS mark as identifying Plaintiff and its reputable home appliance retail store services.

16.  Upon information and belief, in or about 2024 – several years after Plaintiff had already established its own trademark rights – Defendants began using the mark APPLIANCES 4 LESS in connection with their own home appliance retail store services.

17.  Defendants' use of the APPLIANCES 4 LESS mark is without Plaintiff's authorization.

18.  Defendants operate in the same industry as Plaintiff, and target the same class of consumers, namely purchasers of discounted home appliances seeking retail appliance store services.

19.  Defendants were placed on constructive notice by virtue of Plaintiff's federally registered trademarks prior to the time they began using the same APPLIANCES 4 LESS mark in connection with their home appliance retail store services.

20.  Plaintiff also put Defendants on formal notice of Plaintiff's rights on or about February 19, 2026, when Plaintiff sent Defendant a cease and desist letter, informing Defendant of Plaintiff's established trademark rights. Plaintiff sent subsequent correspondence to Defendant, and also sent copies of both letters to Defendant's registered agent for service of process on March 13, 2026. Defendants did not respond.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

21. Defendants have been on actual and constructive notice of their infringement, yet continue to use the confusingly similar, if not identical, APPLIANCES 4 LESS mark and APPLIANCES4LESSPRO.COM domain name to offer home appliance retail services that are identical or highly related to Plaintiff's own, in willful violation and deliberate disregard of Plaintiff's intellectual property rights.

22. Defendants' continued use of the APPLIANCES 4 LESS mark after receiving written notice of Plaintiff's prior established trademark rights demonstrates Defendants' intentional and willful infringement of Plaintiff's rights.

23. At all relevant times, Defendants' misconduct was intentional, willful and malicious, such that this is an exceptional case under the Lanham Act, and enhanced damages are warranted, as well as an award of attorney fees to Plaintiff.

24. Plaintiff is informed and believes, and thereupon alleges that, absent the intervention of this Court, Defendants' willful infringements will continue, and Plaintiff and consumers will continue to be harmed.

## COUNT ONE
## (Federal Trademark Infringement)
## (15 U.S.C. § 1114)
## (Against All Defendants)

25. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

26. Plaintiff's federally registered APPLIANCES 4 LESS mark (both in standard characters and stylized forms) and goodwill associated therewith are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with Plaintiff.

27. Upon information and belief, without Plaintiff's authorization or consent, and having actual knowledge of Plaintiff's prior rights in the APPLIANCES

4 LESS mark, Defendants chose to use and are still using the APPLIANCES 4 LESS mark and the https://www.appliances4lesspro.com/ website that are confusingly similar to Plaintiff's APPLIANCES 4 LESS mark in connection with home appliance retail services.

28. Upon information and belief, Defendants' home appliance retail store services in connection with the APPLIANCES 4 LESS mark are marketed to the same consumers as Plaintiff's own APPLIANCES 4 LESS brand.

29. Defendants' unauthorized uses in commerce of the confusingly similar APPLIANCES 4 LESS mark and www.appliances4lesspro.com website in connection with home appliance retail stores, are likely to deceive the public into believing that Defendants' products and services are authorized by or affiliated with Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

30. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

32. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including actual damages and profits made by Defendants in connection with their home appliance retail stores, and the costs of this action.

33. Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

## COUNT TWO

### (Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

34. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

35. Defendants are using the confusingly similar APPLIANCES 4 LESS mark without Plaintiff's authorization in connection with the home appliance retail store services that are of the same general nature and type as those that Plaintiff has long used in connection with its own registered APPLIANCES 4 LESS mark.

36. Defendants' unauthorized uses of APPLIANCES 4 LESS are likely to cause confusion to the general purchasing public as to the sources of Plaintiff's and Defendants' respective home appliance retail store services.

37. By misappropriating and using the APPLIANCES 4 LESS mark, Defendants misrepresent and falsely describe to the general public the origin and source of their unauthorized services and create a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of such services.

38. Defendants' unlawful, unauthorized, and unlicensed services in connection with the APPLIANCES 4 LESS mark, create express and implied misrepresentations that those services are authorized or approved for or by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

39. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the APPLIANCES 4 LESS mark, in connection with Defendants' home appliance retail store services, in interstate commerce constitutes trademark infringement, false designation of origin, and unfair competition.

40. Plaintiff has no adequate remedy at law and, if Defendants' activities

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

41.    As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to the costs of this action.

42.    Plaintiff is entitled to recover its actual damages and Defendants' profits realized from Defendants' home appliance retail store services in connection with the confusingly similar APPLIANCES 4 LESS mark.

43.    Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT THREE

### (Cybersquatting)

### (Federal Anticybersquatting Consumer Protection Act § 1125(d))

### (Against All Defendants)

44.    Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

45.    Upon information and belief, long after Plaintiff obtained the trademark rights to the APPLIANCES 4 LESS mark in connection with home appliance retail store services, Defendants registered the domain name, https://www.appliances4lesspro.com/, which fully incorporates Plaintiff's APPLIANCES 4 LESS mark.

46.    Upon information and belief, at the time that Defendants registered the APPLIANCES4LESSPRO.COM domain name, they were aware of Plaintiff's established rights to the APPLIANCES 4 LESS mark.

47.    Upon information and belief, Defendants registered the APPLIANCES4LESS.PRO domain name on or about March 26, 2024, and had not established any trademark rights to APPLIANCES 4 LESS prior to registering that

domain name.

48.    Upon information and belief, at the time that Defendants registered the APPLIANCES4LESSPRO.COM domain name, they had a bad faith intent to profit from the confusingly similar use of Plaintiff's APPLIANCES 4 LESS mark.

49.    Defendants have registered, are trafficking and using the APPLIANCES4LESSPRO.COM domain name in connection with promoting their home appliance retail store services throughout the United States, including in this judicial district, which is confusingly similar to Plaintiff's APPLIANCES 4 LESS mark, in which Plaintiff has prior and superior rights in connection with home appliance retail store services throughout the United States.

50.    Defendants, through the APPLIANCES4LESSPRO.COM domain name, offer the same types of goods and services as Plaintiff, thus further revealing that Defendants had (at the time they registered the APPLIANCES4LESSPRO.COM domain name) and continue to have a bad faith intention to make commercial gains from that domain name and to divert actual or potential consumers away from Plaintiff and towards Defendants' home appliance retail stores.

51.    Defendants have no prior trademark rights in the APPLIANCES 4 LESS mark.  Instead, Defendants intended to divert actual and potential customers away from Plaintiff for Defendants' own commercial gains, with actual knowledge that there is a likelihood of confusion.

52.    Plaintiff's APPLIANCES 4 LESS mark was highly distinctive at the time Defendants registered and/or acquired the APPLIANCES4LESSPRO.COM domain name, as evidenced by the fact that Plaintiff obtained a U.S. Trademark Registration for the mark APPLIANCES 4 LESS on the Principal Register in connection with home appliance retail store services. Plaintiff has been using the APPLIANCES 4 LESS mark since at least 2018, long before Defendants registered the APPLIANCES4LESSPRO.COM domain, which upon information and belief,

was done on or about March 26, 2024.

53. Defendants' actions constitute cybersquatting pursuant to 15 U.S.C. § 1125(d).

54. As a result of Defendants' cybersquatting, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117.

55. Defendants have derived and, unless enjoined, will continue to derive unlawful gains and profits as a result of their acts.

56. Defendants' continued use of the APPLIANCES4LESSPRO.COM domain name after receiving notice of Plaintiff's established trademark rights has been an intentional and willful bad faith violation of Plaintiff's rights.

57. Defendants' registration and use of the APPLIANCES4LESSPRO.COM domain name is diverting consumers looking for Plaintiff's APPLIANCES 4 LESS brand online to Defendants' website instead.

58. Defendants' aforementioned conduct is resulting in lost sales opportunities to Plaintiff, damage to Plaintiff's established goodwill, and interferes with Plaintiff's ability to control its brand presence in the marketplace.

59. As a result of Defendants' willful misconduct, Plaintiff is entitled to recover statutory damages in an amount that is not less than $1,000 and not more than $100,000, for the APPLIANCES4LESSPRO.COM domain name and for any other domain name which Defendants' may own or control which also includes Plaintiff's APPLIANCES 4 LESS mark.

60. This is an exceptional case under the Lanham Act, and thus Plaintiff is also entitled to recover its attorneys' fees.

61. Plaintiff is entitled to recover the APPLIANCES4LESSPRO.COM domain name from Defendants. Alternatively, the Court may order Defendants to forfeit the domain name or order that the domain name registration be cancelled.

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

62.     If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT FOUR
### (California State Unfair Competition)
### (California Business and Professions Code §§ 17200 *et seq.*)
### (Against All Defendants)

63.     Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

64.     California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

65.     Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

66.     Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

67.     Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

68.     Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above.  Defendants' violation of each of those statutes

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

represents an independently actionable unlawful business practice in violation of the UCL.

69. The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

70. As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

71. Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

72. Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief, enjoining Defendants from continuing to the use the APPLIANCES 4 LESS mark and the APPLIANCES4LESSPRO.COM website in connection with home appliance retail store services in the United States.

73. Plaintiff is entitled to recover its actual damages and Defendants' profits realized from home appliance retail store services in connection with the confusingly similar APPLIANCES 4 LESS marks, and the APPLIANCES4LESSPRO.COM website.

74. Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

75. At all relevant times, Defendants' misconduct was intentional, willful, oppressive, fraudulent and malicious, such that punitive damages are warranted.

- 13 -

**PRAYER**

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

a.     from using in any manner the mark APPLIANCES 4 LESS, or anything confusingly similar thereto, alone or in combination with any word or words, as part of a mark, trade name, or domain name, on or in connection with the advertising, offering for sale or sale of any goods or services in the area of home appliance retail store services;

b.     from passing off, inducing, or enabling others to sell or pass off any goods or services as affiliated with, authorized or approved by Plaintiff;

c.     from committing any acts calculated to cause purchasers to believe that Defendants' goods or services are those sold under the control and supervision of Plaintiff, or are sponsored, affiliated, endorsed, or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.     from further infringing Plaintiff's APPLIANCES 4 LESS mark and damaging Plaintiff's goodwill; and

e.     from otherwise competing unfairly with Plaintiff.

2.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraph 1 above.

3.     That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages from their infringements of Plaintiff's APPLIANCES 4 LESS

mark be increased by a sum not exceeding three times the amount thereof as provided by law.

4. That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful infringements of the APPLIANCES 4 LESS mark.

5. That Plaintiff be awarded statutory damages of $100,000 per domain name registered and/or used by Defendants in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

6. That Plaintiff be awarded punitive damages in an amount to be proven at trial.

7. That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

8. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

9. That Defendants, and anyone acting under their control, be ordered to transfer to Plaintiff the APPLIANCES4LESSPRO.COM domain name, as well as any other domain(s) incorporating and/or representing the APPLIANCES 4 LESS mark within Defendants' possession, custody or control.

10. For all such further relief as the Court finds proper.

Dated: April 8, 2026

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
HEIDY A. NURINDA
Attorneys for Plaintiff, QG A4L, INC., D.B.A. APPLIANCES 4 LESS

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

## **DEMAND FOR JURY TRIAL**

Plaintiff QG A4L, INC., D.B.A. APPLIANCES 4 LESS hereby demands a trial by jury for all issues so triable in this action.

Dated:  April 8, 2026

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
HEIDY A. NURINDA
Attorneys for Plaintiff, QG A4L, INC., D.B.A. APPLIANCES 4 LESS

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

- 16 -